# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | NO. A-08-CR-070 LY |
| | § | |
| DAVID CRENSHAW | § | |

## REPORT AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE

TO: THE HONORABLE LEE YEAKEL
UNITED STATES DISTRICT JUDGE

The undersigned submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. § 636(b), 18 U.S.C. § 3401(i), and Rule 1(d) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrate Judges.

The Court conducted a hearing on February 8, 2010, and heard arguments from all of the parties with regard to the U.S. Probation Office's Petition seeking to revoke the Defendant's term of supervised release.

## I. PROCEDURAL BACKGROUND

On March 10, 2006, the Defendant was sentenced by Judge Xavier Rodriguez of the San Antonio Division of this district, to 46 months of imprisonment and three years of supervised release, for aiding and abetting the possession of pseudoephedrine with the intent to manufacture methamphetamine, in violation of 21 U.S.C. § 841. The Defendant's supervision commenced on December 17, 2007.

Within months of beginning his supervision, the Defendant failed to provide urine specimens as required, and failed to attend any of his counseling sessions in March 2008. Jurisdiction over the

case was transferred from Judge Rodriguez to Judge Yeakel on March 18, 2008. The Defendant then absconded from supervision in April 2008, and on May 2, 2008, a warrant was issued for the Defendant's arrest. A little over a year later, on May 29, 2009, the Defendant was arrested in Bexar County, Texas for evading arrest or detention with a vehicle, and was sentenced to eight months of custody for the offense on July 24, 2009. After completing this state sentence, the Defendant was released to federal custody on January 25, 2010.

On February 8, 2010, the Defendant and his attorney appeared before the undersigned Magistrate Judge for a hearing on the Petition. On the same date, the Defendant and his attorney signed a Consent to Allocution Before United States Magistrate Judge. Pursuant to 28 U.S.C. Section 636(a) and 18 U.S.C. § 3401(i), this Court held a Supervised Release Revocation Hearing, at which time the Defendant did not contest the violation alleged against him.

## II. FINDINGS OF THE COURT

1.  The Defendant was competent to stand trial on the charges against him, and had both a factual as well as a rational understanding of the proceedings against him.

2.  The Defendant does not suffer from any physical or mental impairment that would affect his ability to fully understand the charge against him or the consequences of his plea.

3.  The Defendant received a copy of the Petition naming him, and he read it.

4.  The Defendant understood the Petition and the charges against him and had the opportunity to discuss the Petition and charges with his attorney.

5.  The Defendant waived his preliminary hearing.

6.  The Defendant voluntarily gave consent to allocute before a United States Magistrate Judge.

7. The Defendant understood that he had the right to present evidence and to cross-examine witnesses at the hearing, and waived that right.

8. The Government, without objection from the Defendant, gave a summary of the evidence against the Defendant.

9. The plea of true was freely, intelligently, and voluntarily made by the Defendant.

10. The Defendant understood all of his statutory and constitutional rights and desired to waive them.

11. The Defendant violated conditions of his supervised release by: (1) committing a new state law violation, specifically evading arrest or detention with a vehicle; (2) failing to report to the pretrial office as directed after March 2008; (3) failing to provide urine specimens and attend drug abuse counseling as directed.

## III. RECOMMENDATIONS

The Court has carefully considered all of the arguments and the evidence presented by the Government and the Defendant and RECOMMENDS, based on the original offense and the intervening conduct of the Defendant, that the Defendant's supervised release be REVOKED. The Court has taken into account the policy statements in Chapter Seven of the Sentencing Guidelines. The most serious violation is a Grade B, and the Defendant's criminal history category is IV, resulting in an (advisory) guideline range of 12 to 18 months of imprisonment. Having considered all of the above, the undersigned RECOMMENDS that the Defendant be sentenced to 12 months of imprisonment, with no supervised release to follow.

## IV. OBJECTIONS

In writing following the Court stating on the record its recommendation in this case, the parties waived the fourteen day period in which they may file of objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn*, 474 U.S. 140 (1985); *Douglas v. United Services' Automobile Ass'n*, 79 F.3d 1415 (5th Cir. 1996) (*en banc*). Accordingly, there will be no objections to this Report and Recommendation, and the matter is ripe for the District Court to act upon it.

To the extent that a party has not been served by the Clerk with this Report & Recommendation electronically pursuant to the CM/ECF procedures of this District, the Clerk is directed to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 12th day of February, 2010.

ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE